UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CHELSEA GENTRY

    Plaintiff,

CASE NO:

vs.

HIGHLAND HEALTH SYSTEMS,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHELSEA GENTRY ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues HIGHLAND HEALTH SYSTEMS, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, *et seq.*, ("Americans with Disabilities Act" or "ADA") and damages, injunctive relief, attorney's fees and costs pursuant to the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA") as well as both legal and equitable remedies pursuant to '

1

504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. '701 *et seq*. ("the Rehabilitation Act").  This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, Chelsea Gentry is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.  Ms. Gentry has what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she was born with spina bifida, and while she can ambulate short distances without assistive devices, she walks with a pronounced limp and occasionally requires the use of a wheelchair for mobility when she must traverse long distances.  Plaintiff also has depression and anxiety for which she receives treatment with the Defendant.  Prior to instituting the instant action, Ms. Gentry visited the Defendant's premises at issue in this matter and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Ms. Gentry continues to desire and intends to visit the Defendant's

premises but continues to be denied full, safe and equal access due to the barriers to access which continue to exist.

4. The Defendant, HIGHLAND HEALTH SYSTEMS, is a domestic non-profit corporation, registered to do business, and is conducting business in the State of Alabama. Upon information and belief, HIGHLAND HEALTH SYSTEMS (hereinafter referred to as "HHS"), is the owner, lessee and/or operator of the real properties and improvements which are the subject of this action, Highland Health Systems Cleburne Mental Health Center located at 2488 Highway 46, in Heflin, Alabama (hereinafter referred to as the "Mental Health Center").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R.§36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Mental Health owned by HHS is a place of public accommodation in that it is the office of a health care provider that provides goods and services to the public.

8. Defendant HHS, has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Mental Health Center in derogation of 42 U.S.C. §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Mental Health Center owned by HHS. Prior to the filing of this lawsuit, Plaintiff visited the Mental Health Center at issue in this lawsuit. In addition, Plaintiff continues to desire to visit the Mental Health Center, but continues to be injured in that she is unable to and continues to be discriminated against in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Specifically, Plaintiff had been attending group therapy known as "RDP" at the Mental Health Center which meets five (5) days per week. Plaintiff

attended between two (2) and four (4) sessions per week for several weeks prior to May 2, 2017, without incident, and was transported to such meetings by a 15-passenger van provided by and operated by Defendant, that contains no ramp or lift for wheelchair users.

11. On May 2, 2017, Plaintiff fell while exiting the van at the Mental Health Center and twisted her ankle and was directed to go to the local emergency room at Stringfellow Hospital by Defendant where she was diagnosed with a sprain.

12. On May 3, 2017, Plaintiff was advised that she would no longer be transported on Defendant's van as she was at a high risk of falling.

13. As Plaintiff has no other way to routinely access group therapy, she has been denied access to such programs on the basis of disability.

14. Plaintiff has been denied access to RDP group field trips during which she would require her wheelchair as she was offered no accessible means of transportation.

15. On May 8, 2017, Plaintiff called Defendant and requested transportation to RDP group therapy and was again told she was "too high risk of falling" to be allowed to ride the Defendant's van.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

17. HHS is in violation of 42 U.S.C. §12181 *et seq*. and 28 C.F.R. §36.302 *et seq*. and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations:

    (i) Defendant lacks an accessible means of transporting patients with mobility impairments to and from its facility in the manner in which Defendant routinely transports patients without such disabilities and is discriminating on the basis of disability in this regard.

18 There are other current violations of the ADA at the Mental Health Center owned and operated by HHS which were not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

19. To date the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

20. Pursuant to the ADA, 42 U.S.C §12181 *et seq.* and 28 C.F.R. §36.304, HHS was required to make its Mental Health Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, HHS has failed to comply with this mandate.

21. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have her reasonable attorney's fees, costs and expenses paid by HHS pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against HHS and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

## **COUNT II – VIOLATION OF THE REHABILITATION ACT**

23.    Plaintiffs re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 22 of this Complaint.

24.    As more fully described above, Plaintiff is an individual with a disability.

25.    Furthermore, the Plaintiff is Alabama resident who does and would like to continue to accessing the programs, services and activities offered by Defendant at the Mental Health Center that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided at HHS.

26. Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds (such as Medicare payments) benefiting the programs, services and activities at issue in this matter and sufficient to invoke the coverage of Section 504, and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of her disabilities.

27. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempt to receive full, safe and equal access to the programs, services and activities offered by Defendant.

28. Specifically, Ms. Gentry has been excluded from RDP group therapy sessions and group therapy field trips due to Defendant's refusal to allow her to ride the transport van used by other patients without mobility impairments and the failure of defendant to provide a wheelchair accessible transport van as necessary to accommodate Plaintiff's mobility impairment.

29. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the violations detailed in paragraph 12 above.

30. Upon information and belief, there are other current violations of the Rehabilitation Act at the Mental Health Center and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against HHS and requests the following monetary, injunctive and declaratory relief:

- A    That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Defendant are discriminatory and are violative of the Rehabilitation Act;

- B.    That the Court enter an order requiring Defendant to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

- C.    That the Court enter an order directing Defendant to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

- D.    That the Court enter an order mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies

and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E. That the Court enter an order mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F. Awarding damages in an amount sufficient to compensate Plaintiffs for disability discrimination due to architectural barriers as described herein;

G. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs;

H. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this the 2nd day of June, 2017.

                                              Respectfully submitted,

                                              /s/ Edward I. Zwilling

                                              Edward I. Zwilling, Esq.
                                              Ala. Bar No. ASB-1564-L54E
                                              Schwartz Roller & Zwilling

600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Facsimile:   (205) 822-2702
Email:        ezwilling@szalaw.com